**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Case No. 02-80626

HOWARD JEROME MCLEMORE,

    Defendant.
                                                         /

**OPINION AND ORDER DENYING "MOTION IN OBJECTION . . ."**

On July 29, 2009, the court issued an order declining to issue a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The court had appointed the Federal Defender's Office "to determine eligibility, confer with the Probation Department and the U.S. Attorney's Office, and gather the pertinent information to assist the court in expeditiously resolving any pending or intended 18 U.S.C. § 3582(c) motions." (1/26/09 Order at 1.) Thereafter, defense counsel first filed a sentencing memorandum, indicating that Defendant McLemore was eligible for a modification (7/13/09 Sentencing Memorandum), but, two days later, withdrew that assertion (7/15/09 Notice) in light of *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009). Defense counsel conceded that under the Sixth Circuit's holding in *Perdue*, Defendant was ineligible for a modification due to his career offender status. *Perdue*, 572 F.3d 288. After reviewing the pleadings, the court agreed that Defendant is ineligible for a modification and therefore issued its July 29, 2009 order declining to reduce Defendant's sentence.

On August 6, 2009, Defendant filed the instant "Motion in Objection to Statement by Public Defender Leroy T. Soles Requesting to Withdraw Statement," in which he argues that defense counsel should have drawn the court's attention to other circuits' case law. Defendant also argues that *Perdue*'s reasoning is in error and the court should use its "discretion and power to depart below the career offender guideline which is advisory." (8/6/09 Mot. at 9.) The motion was signed on July 27, 2009, before the court issued its order declining to issue a sentence modification. Nonetheless, the court interprets Defendant's pro se motion liberally and will analyze it as a motion for reconsideration under Eastern District of Michigan Local Rule 7.1.

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). Here, Defendant has failed to meet this standard. The only "palpable defect" which Defendant arguably challenges is the court's decision to rely on the Sixth Circuit's decision in *Perdue.* However, not only does the court agree with the reasoning in *Perdue*, but even if it did disagree, the court is bound by the holding in *Perdue*. *See generally In re Livingston*, 379 B.R. 711, 725 (Bankr. W.D. Mich. 2007) ("It is also understood that district courts and bankruptcy courts within this circuit are bound by published Sixth Circuit decisions."). Thus, Defendant has failed to identify a palpable defect, the correction of which would result in a different disposition of his case. Accordingly,

IT IS ORDERED that Defendant's "Motion in Objection to Statement by Public Defender Leroy T. Soles Requesting to Withdraw Statement" [Dkt. # 33] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 9, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 9, 2009, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522